IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MATTHEW ALLEN, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR <br><br> Defendant. | Case No. 1:17-cv-2656 (APM) |

## ANSWER

Defendant, the United States Department of the Interior ("DOI"), by and through undersigned counsel, hereby answers the numbered paragraphs in Plaintiff's Complaint as follows:

1. Paragraph 1 consists of Plaintiff's characterization of this lawsuit, to which no response is required.

## JURISDICTION AND VENUE

2. Admit.

3. Admit.

4. Paragraph 4 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies.

## PARTIES

5. Admit.

6. Admit.

## STATEMENT OF FACTS

*Plaintiff's Demotion*

7. Defendant avers that on September 19, 2017 plaintiff was removed from his position as a probationary member of the Senior Executive Service ("SES") and was placed into a GS-15 position pursuant to placement rights. Defendant otherwise denies the allegations contained in this paragraph.

8. Defendant avers that prior to Plaintiff's removal from the SES he was the Assistant Director, Communications and Public Relations for the Bureau of Land Management. Defendant otherwise denies the allegations contained in this paragraph.

9. Admit.

10. Defendant avers that Plaintiff was removed from his SES position and placed into a GS-15 position. Defendant otherwise denies the allegations contained in this paragraph.

11. Admit that the position of Public Affairs Specialist did not exist at the Bureau of Safety and Environmental Enforcement prior to Plaintiff's placement in that position. Defendant otherwise denies the allegations contained in this paragraph.

12. Deny, Defendant avers that prior to Plaintiff's removal from his SES position that he had been put on notice by senior managers of the BLM of performance deficiencies.

*Plaintiff's FOIA Requests*

13. Admit that DOI received a FOIA request from Plaintiff on October 10, 2017. The request speaks for itself and Defendant respectfully refers the Court to it for a complete and accurate statement of its contents.

14. Paragraph 14 consists of Plaintiff's characterization as to the rationale for which he submitted his FOIA request, for which no response is required.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Admit

*Agency Inaction*

24. Deny, Defendant avers that on December 4, 2017 Defendant notified Plaintiff (through Counsel) that information responsive to Plaintiff's request was available on the DOI Office of the Secretary FOIA library website, and that additional information would be posted to the website on a rolling basis.

25. Admit.

26. Admit.

27. Admit.

28. Paragraph 28 consists of conclusions of, to which no response is required. To the extent a response is required, Defendant denies.

29. Paragraph 29 consists of conclusions of, to which no response is required. To the extent a response is required, Defendant denies.

## COUNT I

30. Defendant hereby incorporates its responses to all the allegations in the preceding paragraphs.

31. Paragraph 31 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

32. Paragraph 32 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

33. Paragraph 33 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

34. Deny.

35. Paragraph 35 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

36. Paragraph 36 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

## COUNT II

37. Defendant hereby incorporates its responses to all the allegations in the preceding paragraphs.

38. Paragraph 38 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

39. Paragraph 39 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

40. Paragraph 40 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

41. Paragraph 41 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

42. Paragraph 42 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

43. Paragraph 43 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

44. Paragraph 44 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

The remaining unnumbered paragraph, including subparts (A) through (E), constitutes a request for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny that Plaintiff is entitled to the requested relief or to any relief whatsoever.

Defendants hereby deny all allegations in Plaintiff's Complaint not expressly admitted or denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs are not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C. § 552.

        Respectfully submitted,

        JESSIE K. LIU, D.C. Bar. No. 472845
        United States Attorney

        DANIEL F. VAN HORN, D.C. Bar No. 924092
        Chief, Civil Division

By:   /s/ *Damon Taaffe*

        DAMON TAAFFE, D.C. Bar No. 483874
        Assistant United States Attorney
        555 Fourth Street, N.W.

Washington, D.C. 20530
(202) 252-2544
damon.taaffe@usdoj.gov